UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMERICA GARCIA,

                    Petitioner,

vs.                          Case No.   2:04-cv-630-FtM-29DNF
                               Case No.   2:03-cr-11-FtM-29DNF

UNITED STATES OF AMERICA,

                    Respondent.

_____/

**OPINION AND ORDER**

_____This matter comes before the Court on petitioner America Garcia's Motion to Vacate, Set Aside, and to Correct, Modify, Resentence or Set for New Trial Pursuant to Title 28 United States Code 2255 Et. Seq. (Cv. Doc. #1)[1] filed on December 17, 2004. The respondent United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 on February 22, 2005. (Cv. Doc. #6).

**I.**

On February 5, 2003, a federal grand jury in Fort Myers, Florida returned an Indictment charging the petitioner America Garcia (petitioner or Garcia) with conspiracy to manufacture and to

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. To avoid confusion, the Court will refer to the docket of Garcia v. United States, No. 2-04-cv-630-JES-DNF, as "Cv. Doc.", and will refer to  United States v. Garcia, No. 2:03-cr-11-FtM-29DNF, as "Cr. Doc."

possess with intent to distribute one hundred or more marijuana plants, in violation of 21 U.S.C. § 846 (Count One), and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Two). (Cr. Doc. #45). Garcia entered into a written Plea Agreement in which she agreed to plead guilty to Count One of the Indictment and the respondent United States (respondent or the Government) would dismiss Count Two. (Cr. Docs. #133, 206). The Court conducted Garcia's guilty plea colloquy on July 31, 2003, and accepted the guilty plea. (Cr. Docs. #172, 182, 186). On December 15, 2003, Garcia was sentenced to serve twenty-four months imprisonment, to be followed by thirty-six months supervised release. (Cr. Doc. #206). Judgment was filed on December 16, 2005.

Garcia did not file a direct appeal, and therefore her conviction became final on December 27, 2003. Mederos v. United States, 218 F.3d 1252 (11th Cir. 2000). Garcia filed her timely § 2255 motion on December 17, 2004. Garcia's § 2255 Petition alleges two claims: (1) violations of her rights under the Fifth, Sixth and Eighth Amendments because the Court sentenced Garcia under the United States Sentencing Guidelines (USSG or the Sentencing Guidelines), in contravention of the holding in Blakely[2]; and (2) ineffective assistance of counsel because counsel failed to object to the defective sentencing.

---

[2] Blakely v. Washington, 124 S. Ct. 2531 (2004).

II.

**A.   __Blakely__/__Booker__ Not Retroactive on § 2255 Review:**

Both of petitioner's claims are premised upon __Blakely__, which are deemed to be claims under __United States v. Booker__, 125 S. Ct. 738 (2005).  __United States v. Lee__, 427 F.3d 881, 891 (11th Cir. 2005).  The Eleventh Circuit has held "that __Booker's__ constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." __Varela v. United States__, 400 F.3d 864, 867-68 (11th Cir.))(citing __Schriro v. Summerlin__, 124 S. Ct. 2519, 2526-27 (2004)), __cert. denied__, 126 S. Ct. 312 (2005. __See also__ __United States v. Moreno__, 421 F.3d 1217, 1220 (11th Cir. 2005).  Since petitioner's case became final prior to __Booker__, the issues cannot be raised in a § 2255 petition and the petition must be dismissed.

**B.   Plea Agreement Waiver:**

Alternatively, petitioner's Plea Agreement contains a valid waiver of appeal provision which includes a waiver of collateral challenges.  It is well established that sentence-appeal waivers are valid if made knowingly and voluntarily.  __Williams v. United States__, 396 F.3d 1340, 1341 (11th Cir. 2005)(citing __United States v. Bushert__, 997 F.2d 1343, 1350-51 (11th Cir. 1993), __cert. denied__, 513 U.S. 1051 (1994).  Here, petitioner's Plea Agreement contained the following provision:

The defendant understands and acknowledges that the defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole.  Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and USSG § 5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(Cr. Doc. #133, ¶ 5).  The magistrate judge who took the guilty plea highlighted this waiver provision as part of petitioner's plea colloquy, specifically questioned Garcia concerning the specifics of the sentence-appeal waiver, and determined that she knew about the waiver provision and had entered into the waiver agreement knowingly and voluntarily.  (Cr. Doc. #186, pp. 52-53).  The Court finds that the appeal waiver was clearly knowing and voluntary under Bushert, 997 F.2d at 1350, and its progeny. Therefore, the appeal waiver is proper and effective.  United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005).

Additionally, the waiver provision is broad enough to include the Apprendi[3]/Booker/Blakely issue.  United States v. Frye, 402 F.3d 1123, 1129 (11th Cir.), cert. denied, 125 S. Ct. 2986 (2005); United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005). Therefore, Booker, Blakely, and Apprendi issues were waived by petitioner in this case as well.  Further, the Eleventh Circuit has held that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to the plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing."  Williams, 396 F.3d at 1342.

## C.  Merits

Alternatively, petitioner's claims are without merit.  As discussed above, the Blakely/Booker cases are not retroactive, so petitioner's Fifth and Sixth Amendment rights were not violated because the sentencing complied with then-existing law. Additionally, although petitioner has not identified any particular enhancement or departure, it is clear she fully admitted to her role in the conspiracy, including the quantity being in excess of 100 plants.  (Cr. Doc. #186, p. 57).  Therefore, no Booker constitutional error occurred.  United States v. Cartwright, 413 F.3d 1295, 1300 (11th Cir. 2005); United States v. DeSoto, 129 Fed.

---

[3]Apprendi v. New Jersey, 530 U.S. 466 (2000).

Appx. 498 (11th Cir. 2005); <u>United States v. Almonte</u>, 144 Fed. Appx. 757, 759-60 (11th Cir. 2005).

Eighth Amendment rights are violated only if the sentence imposed is grossly disproportionate to the offense committed. Generally, a sentence within the limits imposed by statute is neither excessive not cruel and unusual under the Eighth Amendment. E.g., <u>United States v. Moriarity</u>, 429 F.3d 1012, 1024 (11th Cir. 2005). Petitioner's Eighth Amendment rights were not violated because the twenty-four month sentence was not grossly disproportionate to petitioner's marijuana conspiracy.

Issues of ineffective assistance of counsel can be raised in a § 2255 proceeding even where petitioner could have raised the issues on direct appeal but failed to do so. <u>Massaro v. United States</u>, 123 S. Ct. 1690 (2003). The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984). <u>See also</u> <u>Wiggins v. Smith</u>, 123 S. Ct. 2527, 2535 (2003); <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). A court must "judge the reasonableness of counsel's

conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690).  This judicial scrutiny is "highly deferential."  Id.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Strickland, 466 U.S. at 689-90.  An attorney is not ineffective for failing to raise a meritless issue.  United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).  In light of the general principles and presumptions applicable to ineffective assistance of counsel claims, the cases in which habeas petitioners can prevail are few and far between.  Chandler v. United States, 218 F.3d 1305, 1313-14 (11th Cir. 2000)(en banc), cert. denied, 531 U.S. 1204 (2001).

Having reviewed the record, the Court finds that trial counsel's performance at sentencing was not deficient. Specifically, petitioner claims counsel was deficient by failing to make an objection when the Court "imposed a sentence beyond the authorized maximum of the base offense level without departures and enhancements presented in the indictment nor presented to the jury and not rendered as part of the verdict."  As discussed above, neither Blakely nor Booker were decided at the time of petitioner's sentencing.  To the extent petitioner contends that trial counsel failed to argue that the use of the Sentencing Guidelines violated Apprendi, the Eleventh Circuit had repeatedly held that Apprendi did not apply to Sentencing Guidelines.  United States v. Le, 256

F.3d 1229, 1240 (11th Cir. 2001)(Sentencing Guidelines are not subject to Apprendi); United States v. McClain, 252 F.3d 1279, 1284 n.12 (11th Cir. 2001)(Apprendi does not apply to relevant conduct under the Sentencing Guidelines); United States v. Harris, 244 F.3d 828 (11th Cir. 2001)(Apprendi does not apply to drug quantities outside scope of indictment considered as relevant conduct); United States v. Nealy, 232 F.3d 825, 829 n.2 (11th Cir. 2000)(Apprendi does not apply to firearm enhancement under Sentencing Guidelines). Respondent correctly points out that petitioner benefitted from a departure pursuant to USSG § 5C1.2(a) (Cr Doc. #207, p.7), and fully admitted her participation in the conspiracy involving more than 100 marijuana plants.

Having reviewed the record, the Court finds that trial counsel's performance was not deficient and that no prejudice resulted to petitioner.  As such, the Court concludes that petitioner's ineffective assistance of counsel claim is without merit.

Accordingly, it is now

**ORDERED**:

1.  Garcia's Motion to Vacate, Set Aside, and to Correct, Modify, Resentence or Set for New Trial Pursuant to Title 28 United States Code 2255 Et. Seq. (Doc. #1) is **DISMISSED** for the reasons set forth above, or alternatively is **DENIED** for the reasons set forth above.

    2.   The Clerk of the Court shall enter judgment accordingly and close the civil file.

    **DONE AND ORDERED** at Fort Myers, Florida, this   16th   day of December, 2005.


                                                  JOHN E. STEELE
                                                United States District Judge

Copies:
Petitioner
2995 SW 4th Street
Miami, Florida 33135

Counsel of record